# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*　\*

MICHELLE GUTIERREZ,　　　　　\*

　　　　　　　　　　　　　　　\*　　No. 12-485V

　　　　　　　Petitioner,　　　\*　　Special Master Christian J. Moran

　　　　　　　　　　　　　　　\*

v.　　　　　　　　　　　　　　\*　　Filed: May 1, 2015

　　　　　　　　　　　　　　　\*

SECRETARY OF HEALTH　　　　\*　　Damages; decision based on proffer;

AND HUMAN SERVICES,　　　　\*　　human papillomavirus ("HPV");

　　　　　　　　　　　　　　　\*　　vasovagal syncope; skull fracture;

　　　　　　　Respondent.　　　\*　　post-concussion syndrome.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*　\*

Alfonso Melendez, Alfonso L. Melendez, P.C., El Paso, TX, for Petitioner;
Claudia Gangi, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On August 2, 2012, Raul Gutierrez and Martha Gil filed a petition on behalf of their minor daughter, Michelle Gutierrez[2], seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa –10 through 34 (2012), alleging that the human papillomavirus ("HPV") vaccination caused Michelle Gutierrez to suffer vasovagal syncope, a skull fracture, and post-concussion syndrome secondary to the vaccination.

On April 29, 2015, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

[2] This case was recaptioned on April 17, 2015, due to Michelle Gutierrez no longer being a minor having turn 18 years old on March 11, 2015.

finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer.  Pursuant to the attached Proffer, the court awards petitioner:

**A. A lump sum payment of $60,000.00, representing compensation for actual and projected pain and suffering, in the form of a check payable to petitioner, Michelle Gutierrez.**

**B. A lump sum payment of $10,998.60, representing compensation for satisfaction of the Superior HealthPlan lien, payable jointly to petitioner and:**

**Superior HealthPlan
5615 High Point Drive, Suite 100
Attn:  Case Management Department
Irving, TX  75038**

**Petitioner agrees to endorse this payment to the Superior HealthPlan.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-485V according to this decision and the attached proffer.[3]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                        )
MICHELLE GUTIERREZ,                     )
                                        )
                    Petitioner,         )
                                        )
          v.                            )     No. 12-485V
                                        )     Special Master Moran
SECRETARY OF HEALTH AND HUMAN           )
SERVICES,                               )
                                        )
                    Respondent.         )
_____)

## RESPONDENT'S PROFFER ON DAMAGES

Respondent submits the following recommendations regarding items of compensation to be awarded to petitioner under the Vaccine Act.

### I.    Items of Compensation

#### A.  Future Medical Care Expenses

Respondent proffers that based on the evidence of record, Michelle Gutierrez ("petitioner") is not entitled to an award for future medical care expenses as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

#### B.  Lost Earnings

Respondent proffers that based upon the evidence of record, petitioner has not and is not likely to suffer a loss of earnings as a result of her vaccine-related injury as provided under 42 U.S.C. § 300aa-15(a)(3)(B).  Petitioner agrees.

#### C.  Pain and Suffering

Respondent proffers that the Court should award petitioner a lump sum of $60,000.00 for her actual and projected pain and suffering.  This amount reflects that the award for projected

pain and suffering has been reduced to net present value.  See § 300aa-15(a)(4).  Petitioner

agrees.

    D.  <u>Past Unreimbursable Expenses</u>

Respondent proffers that based upon the evidence of record, petitioner did not incur any

past unreimbursable expenses related to her vaccine-related injury.  Petitioner agrees.

    E.  <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the Superior

HealthPlan lien in the amount of $10,998.60, which represents full satisfaction of any right of

subrogation, assignment, claim,  lien, or cause of action the Superior HealthPlan may have

against any individual  as a result of any Medicaid payments the Superior HealthPlan has made

to or on  behalf of Michelle Gutierrez from the date of her eligibility for benefits through the

date of judgment in  this case as a result of her vaccine-related injury suffered on or about

August 6, 2009, under Title XIX of the Social Security Act.

    F.  <u>Attorney's Fees and Costs</u>

This proffer does not address final attorneys' fees and costs.  Petitioner is entitled to

reasonable attorneys' fees and costs, to be determined at a later date upon petitioner filing

substantiating documentation.

**II.  <u>Form of the Award</u>**

    A.  The parties recommend that the compensation provided to petitioner should be

made through a lump sum payment as described below and request that the Special Master's

decision and the Court's judgment award the following : a lump sum payment of $60,000.00

(representing compensation for actual and projected pain and suffering), in the form of a check

payable to petitioner. [1]

   B.  A lump sum payment of $10,998.60, representing compensation for satisfaction of

the Superior HealthPlan lien, payable jointly to petitioner and

Superior HealthPlan
5615 High Point Drive, Suite 100
Attn:  Case Management Department
Irving, TX  75038

Petitioner agrees to endorse this payment to the Superior HealthPlan.

### III.  Summary of Recommended Payments Following Judgment

   A.  Lump Sum paid to petitioner:       **$60,000.00**

   B.  Lump Sum paid jointly to petitioner and Superior HealthPlan:  **$10,998.60**

         Respectfully submitted,

         BENJAMIN C. MIZER
         Principal Deputy Assistant Attorney General

         RUPA BHATTACHARYYA
         Director
         Torts Branch, Civil Division

         VINCENT J. MATANOSKI
         Deputy Director
         Torts Branch, Civil Division

         LINDA S. RENZI
         Senior Trial Counsel
         Torts Branch, Civil Division

---

[1]  Should Michelle Gutierrez die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4138

Dated:   April 29, 2015